

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2009

# Pitts v. Hayman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pitts v. Hayman" (2009). *2009 Decisions.* Paper 685.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/685

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2556
_____

DARYLE L. PITTS,
Appellant

v.

GEORGE W. HAYMAN,
Acting Commissioner, N.J. Department of Corrections;
RONALD H. CATHEL,
Administrator, N.J. State Prison;
MICHELLE R. RICCI,
Associate Administrator, N.J. State Prison;
DONALD MEE, JR.,
Assistant Superintendent, N.J. State Prison;
ALLAN B. MARTIN,
Physician, CMS, Inc.;
J. BETHEA,
Nurse Ombudsman, CMS, Inc.;
LAWRENCE DONKOR,
Physician, CMS, Inc.;
GRACE MELENDEZ,
Physician, CMS, Inc.;
ARLENE TINKER, Physician, CMS, Inc.;
CORRECTIONAL MEDICAL
SERVICES, INC.,
CMS, Inc., Health Care Provider, N.J. State Prison
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-2256)
District Judge: Honorable Mary L. Cooper
_____

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

(Filed: September 10, 2009)

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Daryle Pitts appeals from the order of the District Court dismissing his complaint under FED. R. CIV. P. 12(b)(6). Pitts, an inmate at the New Jersey State Prison in Trenton, New Jersey, alleged that he was denied necessary medical treatment while in prison. He filed a complaint *pro se*, asserting claims under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights under the U.S. Constitution; violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and various claims under New Jersey tort law. Without providing Pitts an opportunity to amend his complaint, the District Court dismissed Pitts's federal claims under FED. R. CIV. P. 12(b)(6).[1]

"[T]his court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

2

that denial of an application for leave to amend under these circumstances is an abuse of discretion." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985)). If a plaintiff fails to request leave to amend in such a circumstance, the court must inform him that he may amend his complaint within a specific time period, unless amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

In the present case, the District Court dismissed Pitts's complaint because it failed to plead allegations with the requisite specificity. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The District Court reasoned that Pitts failed to allege that the named defendants were personally responsible for denying him treatment, and that the acts or omissions were severe enough to offend "evolving standards of decency." The District Court also noted that Pitts failed to name the New Jersey Department of Corrections as a defendant–since it is the department, not its employees, that receives federal funds–and failed to specify which of his conditions constitutes a disability under the ADA. We conclude that these are technical pleading errors readily addressed in an amended complaint. This is especially true here, where plaintiff obtained counsel after filing his original complaint.

Because the District Court should have provided Pitts with leave to amend his complaint before granting the motion to dismiss, we will VACATE the order of the District Court and REMAND the case, instructing the District Court to grant Pitts leave to

3

amend his complaint under FED. R. CIV. P. 15(a).[2]

---

[2] We need not address Pitts's alternative contention—that his original complaint complies with FED. R. CIV. P. 8(a)— as we conclude that he is entitled to file an amended complaint, and we assume that newly appointed counsel would desire to do so.